**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**CHARLES JOHNSON,** :
: Civil Action No. 15-2641 (ES)
              **Petitioner,** :
:
    **v.** : MEMORANDUM OPINION
:
**STEPHEN D'ILIO,** :
:
              **Respondent.** :
_____:

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Petitioner Charles Johnson ("Petitioner"), a prisoner confined at New Jersey State Prison in Trenton, New Jersey, at the time of filing, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 New Jersey state court conviction for robbery, felony murder, possession of a weapon for an unlawful purpose, unlawful possession of a weapon, theft and receiving stolen property. (D.E. No. 1, Petition ("Petition")).

2. In his habeas Petition before this Court, Petitioner raises the following claims:

> GROUND ONE: The Warrantless Search Resulting in the Recovery of Shotguns constituted a Violation of the Defendant's Right to be free of unreasonable searches and seizures, necessitating suppression and reversal.
>
> GROUND TWO: The trial court erroneously admitted highly prejudicial testimony under the con-conspirator [sic] exception to the Hearsay Rule, Depriving Defendant of His Due Process Right to a Fair Trial an[d] necessitating reversal.
>
> GROUND THREE: The Trial Courts admission of highly prejudicial testimony concerning alleged prior possession of a gun similiar [sic] to that used in the incident was erroneous and deprived defendant of a fair trial.

GROUND FOUR: The Trial Court erred in denying defendant's motion for mistrial on the basis of the State's deliberate violation of the court's order restricting testimony concerning shotgun wedding [sic].

GROUND FIVE: Defendant was denied his right to a fair trial and Due Process of law when the trial court erroneously admitted into evidence highly prejudicial hearsay under the co-conspirator exception to the Hearsay Rule.

GROUND SIX: Defendant was denied his constitutional Right to trial by jury and Due Process of Law when the trial Court failed to instruct the jury in regards to the affirmative defense to accomplice liability.

GROUND SEVEN: The Trial Court committed plain error, capable of producing an unjust result, when the jury was told during the elements of robbery that the state only needed to prove "any" of the elements of robbery in order to find the defendant guilty.

GROUND EIGHT: The Trial Court failed to provide the jury a specific unanimity instruction to the felony murder count and improperly instructed the jury that the verdict did not need to be unanimous.

GROUND NINE: Defendant was denied the effective assistance of counsel constitutionally guaranteed to him by the U.S. Const., Amends.

(A) Trial Counsel was ineffective in failing to object to improper jury charges regarding the burden of proof by the State on the elements of robbery. Defendant was denied a fair trial because counsel failed to object to the improper instructions.

(B) Trial Counsel was ineffective in failing to request a specific unaminity [sic] charge on the count of felony murder and in failing to object to the courts jury instruction that specifically rejected the requirement that the jury return a unaminous [sic] verdict. Defendant was denied a fair trial because counsel failed to ask the court to rely upon the model jury charges. Also because counsel failed to request that the verdict sheet list whether Defendant was the principal or an accomplice.

(C) Trial Counsel was ineffective in failing to adequately cross-examine Rashawn Daniels regarding his knowledge of the actions

of another suspect named Umar. Had counsel been effective, counsel would've brought out to the jury that Umar was involved in the crime and the one who knew the hotel had a safe deposit box because Umar knew a worker at the hotel.

GROUND TEN: Trial Counsel[']s failure to object constitute ineffective assistance of counsel and denied Defendant a fair trial. Because counsel did not object to the trial court leaving out the word "NOT" in summarizing the robbery instructions, the jurors were mislead [sic] and believed they had to find petitioner guilty.

GROUND ELEVEN: Trial Counsel was ineffective for failure to object to jury instructions as applied to second degree robbery. Knowingly inflicted bodily injury or use force on another is not listed on the verdict sheet. Because counsel did not object to the deficient second degree robbery instructions and challenge the improper verdict on count two, the jury were left only instructed by the trial court if find the State has not proven the elements of first degree robbery, than you "must" find defendant guilty of second degree robbery. Due to the lack of objection the jurors were forced in finding petitioner guilty.

GROUND TWELVE: Trial Counsel failed to object to omission [sic] of Force, an element of robbery not mentioned on Verdict Sheet but instructed, nor was principle or accomplice liability.

GROUND THIRTEEN: Trial Counsel failed to vacate counts Four and Five on grounds of inconsistent verdicts.

GROUND FOURTEEN: Petitioner was denied ineffective assistance Appellate Counsel. Appellate Counsel was ineffective in not diligently reviewing trial transcripts and raising the best selective meritorious arguments on his behalf. Such as Points Ten, Eleven, Twelve, and Thirtenn [sic] herein mentioned for ineffective assistance of trial counsel denying petitioner a fair proceeding and an effective appellate counsel.

GROUND FIFTEEN: Independently, as well as cumulatively, all the State Rulings were contrary to clearly established Federal law an unreasonable determination of the facts in light evidence presented therefore writ should issue.

3. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has

exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). The petitioner must afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir. 1976)); *see also Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine therefore requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts—that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. at 845; *Rose v. Lundy*, 455 U.S. 509 (1982).

4. Federal district courts may not adjudicate mixed petitions, i.e., petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 273 (2005). Normally, the Court is directed to dismiss a mixed petition without prejudice, but a stay and abeyance may be

4

appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 274-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

    5. In this case, the followings grounds appear to be unexhausted:[1]

> GROUND EIGHT: The Trial Court failed to provide the jury a specific unanimity instruction to the felony murder count and improperly instructed the jury that the verdict did not need to be unanimous.
>
> GROUND NINE:
>
> (B) Defendant was denied a fair trial because counsel failed to ask the court to rely upon the model jury charges. Also because counsel failed to request that the verdict sheet list whether Defendant was the principal or an accomplice.
>
> (C) Trial Counsel was ineffective in failing to adequately cross-

---

[1] The Court notes that Petitioner also appears to try to amend Grounds Two and Three of his Petition through his Reply. (*See* D.E. No. 14 at 3-11). In his Petition, and in state court, Petitioner presented these claims as violations of state evidence rules, the Due Process clause, and his right to a fair trial. In his Reply, Petitioner frames these claims as violations of his Confrontation Clause rights. (*See* D.E. No. 14 at 3-11). A habeas petitioner, however, cannot raise new claims in a reply. *See Burns v. Att'y Gen. of the State of Pa.*, No. 14-300, 2016 WL 128212, at *8 (W.D. Pa. Jan. 12, 2016) (citing Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and noting that "[t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground"); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.")); *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (A "moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.").

    Additionally, it appears that any Confrontation Clause violations would be considered unexhausted because they were not fairly presented to the state courts. *See McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) ("[P]etitioner must 'fairly present' . . . a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.").

examine Rashawn Daniels regarding his knowledge of the actions of another suspect named Umar. Had counsel been effective, counsel would've brought out to the jury that Umar was involved in the crime and the one who knew the hotel had a safe deposit box because Umar knew a worker at the hotel.

GROUND TEN: Trial Counsel['s] failure to object constitute ineffective assistance of counsel and denied Defendant a fair trial. Because counsel did not object to the trial court leaving out the word "NOT" in summarizing the robbery instructions, the jurors were mislead [sic] and believed they had to find petitioner guilty.

GROUND ELEVEN: Trial Counsel was ineffective for failure to object to jury instructions as applied to second degree robbery. Knowingly inflicted bodily injury or use force on another is not listed on the verdict sheet. Because counsel did not object to the deficient second degree robbery instructions and challenge the improper verdict on count two, the jury were left only instructed by the trial court if find the State has not proven the elements of first degree robbery, than you "must" find defendant guilty of second degree robbery. Due to the lack of objection the jurors were forced in finding petitioner guilty.

GROUND TWELVE: Trial Counsel failed to object to omission [sic] of Force, an element of robbery not mentioned on Verdict Sheet but instructed, nor was principle or accomplice liability.

GROUND THIRTEEN: Trial Counsel failed to vacate counts Four and Five on grounds of inconsistent verdicts.

GROUND FOURTEEN: Petitioner was denied ineffective assistance Appellate Counsel. Appellate Counsel was ineffective in not diligently reviewing trial transcripts and raising the best selective meritorious arguments on his behalf. Such as Points Ten, Eleven, Twelve, and Thirtenn [sic] herein mentioned for ineffective assistance of trial counsel denying petitioner a fair proceeding and an effective appellate counsel.

More specifically, while Petitioner raised these claims at the trial or PCR court level, he failed to raise them to the Appellate Division and then the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. at 845.

6. Because this Court has determined that some of Petitioner's claims are unexhausted,

this Court is faced with four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines*, 544 U.S. at 274-78).

7. At this time, the Court will not dismiss the Petition without prejudice as any future petition would likely be time barred; nor will the Court find that all of Petitioner's unexhausted claims are meritless and deny the Petition. Instead, the Court will give Petitioner 45 days to submit a request for a stay, addressing each of the requirements under *Rhines* as outlined above. If Petitioner believes that the claims identified above have in fact been raised to <u>each</u> level of the state courts, or if he wishes to delete the unexhausted claims and proceed only with the exhausted claims, he should so advise. Respondent will be granted leave to respond, if necessary.

8. An appropriate Order follows.

                                              *s/Esther Salas*
                                              **Esther Salas, U.S.D.J.**